MEMORANDUM OPINION


No. 04-01-00526-CR


Gilbert TIJERINA, Jr.,

Appellant


v.


THE STATE OF TEXAS,

Appellee


From the 187th Judicial District Court, Bexar County, Texas 

Trial Court No. 2001-CR-1481

Honorable Raymond Angelini, Judge Presiding


Opinion by: Paul W. Green, Justice

 

Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 

Delivered and Filed: January 29, 2003


AFFIRMED



 A jury found appellant, Gilbert Tijerina, guilty of aggravated robbery, and assessed
punishment at sixty years' confinement. On appeal, Tijerina asserts the trial court erred in denying
his request for an instruction on the lesser-included offense of robbery and the State improperly
argued parole law during its punishment phase closing argument. Because all issues of law are
settled, our opinion only advises the parties of the court's decision and the basic reasons for it. See
Tex. R. App. 47.4. We affirm.

Lesser-Included Offense Instruction

 In his second issue, Tijerina asserts the trial court erred in denying his request for an
instruction on the lesser-included offense of robbery.

 Whether a charge on a lesser-included offense is required is determined by a two-pronged test:
first, we must determine whether the offense constitutes a lesser-included offense, and second, there
was evidence that, if guilty of an offense, defendant was guilty only of the lesser-included offense.
Schweinle v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996); Rousseau v. State, 855 S.W.2d 666,
672 (Tex. Crim. App. 1993). As long as evidence from any source raises an issue that a lesser-included offense may have been committed, and a jury charge is properly requested, the issue must
be submitted to the jury. Thomas v. State, 699 S.W.2d 845, 849 (Tex. Crim. App. 1985). The
evidence must establish the lesser-included offense as a valid, rational alternative to the charged
offense. Wesbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000).

 Here, the State concedes, and we agree, that robbery is a lesser-included offense of
aggravated robbery. Little v. State, 659 S.W.2d 425, 425-26 (Tex. Crim. App. 1983); Tex. Pen
Code Ann. §§ 29.02, 29.03 (Vernon 1994). The indictment charged Tijerina with aggravated
robbery by using and exhibiting a deadly weapon "namely: a firearm," one of the several statutory
means that elevate the offense of robbery to the offense of aggravated robbery. Id. § 29.03. Tijerina
contends he was entitled to a jury instruction on robbery because one of the complainants could not
testify that he used a real gun, the gun was not discharged, and was never recovered. If any evidence
exists in the record that would permit a rational jury to find that a deadly weapon was not used or
exhibited, Tijerina was entitled to a lesser-included offense instruction. See Bignall v. State, 887
S.W.2d 21, 23 (Tex. Crim. App. 1994) (witnesses, including defendant, testified no gun was used in
robbery).

 The two complainants, Lucy Garcia and Sandra Sanchez, testified to Tijerina's use of a dark-colored, metal gun. Both women testified Tijerina held the gun to their heads, and threatened them.
After taking what little money was in the office and the contents of Garcia and Sanchez's purses,
Tijerina walked both women to the bathroom. He told the women he would start shooting if they
came out of the room, and he would kill their families if they called the police. Garcia said she knew
the gun was real because she could feel its heaviness against her head and she heard a "click" before
Tijerina put the gun to her head. Sanchez, who said she was familiar with guns and described it as
a revolver, also thought the gun was real. Both women said Tijerina had his finger on the gun's
trigger.

 Tijerina did not testify and there was no evidence to suggest the gun was not real. Because
there was no evidence from any source that would permit a rational jury to find Tijerina was guilty
only of robbery, the trial court properly denied defendant's request for a lesser-included offense
instruction.

State's Closing Argument During Punishment Phase

 In his first issue, Tijerina asserts the prosecutor improperly argued parole law in his closing
argument during the punishment phase of trial. 

 The prosecutor first mentioned parole as follows:

 If you give him a sixty year sentence, he's eligible for parole in 30 years.
Because the Judge tells you in the Charge, after you've served half of whatever term
this jury assess [sic], you're eligible for parole up until you reach the six year mark.
And from that time on, it stays 30 years. So, he's eligible for parole after 30 years if
you give him a sixty year sentence. He's eligible for parole for 30 years if you give
him a 75 year sentence. He's eligible for parole after 30 years if you give him an 80
year sentence. And he's eligible for parole for 30 years if you assess a life sentence.


 An attorney for the State may explain or summarize the law included in the court's charge.
See Helleson v. State, 5 S.W.3d 393, 397 (Tex. App.--Fort Worth 1999, pet. ref'd). However,
Texas Code of Criminal Procedure article 37.07, section (4)(a), prohibits a jury from considering
parole eligibility with respect to the defendant on trial. Tex. Code Crim. Proc. Ann. art. 37.07 §
(4)(a) (Vernon Supp. 2002). Instead, a jury may only consider the concept of parole eligibility in
general. Id. As a result, a prosecutor must avoid applying the parole law specifically to the defendant
on trial. See Clark v. State, 643 S.W.2d 723, 724 (Tex. Crim. App. 1982); Taylor v. State, 911
S.W.2d 906, 911 (Tex. App.--Fort Worth 1995, pet. ref'd). In this case, the prosecutor's arguments
applied the parole law specifically to Tijerina ("he's eligible for parole after 30 years . . ."). We hold
that this portion of the prosecutor's argument was improper. See Perez v. State, 994 S.W.2d 233,
236-37 (Tex. App.--Waco 1999, no pet.).

 The prosecutor next referred to parole as follows:

 He's twenty-four or twenty-five years old. It's in the juvenile paperwork.
You can look at it, if you want. He's twenty-four or twenty-five years old. If he
wants to get drug treatment, and if he wants to pay for his sins to the community, that
over the course of the next 30 years he can turn into a miraculous person in prison,
and he could come out at 54 and he can have a chance to get to know his daughter,
who will be 29, 30 years old. He'll have that chance and he could still have a life to
live. But don't give him the chance to come back to this community before he's 54
years old. Don't give him that chance. I'm asking you in a serious way to understand
that this is that life case.


 The four areas of permissible prosecutorial argument are a summation of the evidence,
reasonable deduction from the evidence, answer to opposing counsel's argument, and plea for law
enforcement. Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999). The above statements
by the prosecutor were in response to defense counsel's argument that, although it was appropriate
to put Tijerina in prison, his sentence should be for a short enough time to allow him the opportunity
to rehabilitate himself. Because this portion of the prosecutor's argument was an answer to defense
counsel's argument, it was not improper.

 Having found error in a portion of the prosecutor's argument, we next address its effect.
Improper jury argument is non-constitutional error. Mosley v. State, 983 S.W.2d 249, 259 (Tex.
Crim. App. 1998); Tex. R. App. P. 44.2(b). Determining harm under the standard for
nonconstitutional error in improper argument cases requires balancing the following three factors:
(1) the severity of the misconduct and its prejudicial effect, (2) curative measures, and (3) the
certainty that the punishment assessed would be the same absent the misconduct. Martinez v. State,
17 S.W.3d 677, 692-693 (Tex. Crim. App. 2000); Mosley, 983 S.W.2d at 259.

 Here, the prosecutor did not misstate the law and his remarks about parole law were in the
context of his assertion that Tijerina was a repeat offender who deserved a life sentence. No
measures were taken to cure this misconduct because the trial court did not sustain Tijerina's
objection. As to the certainty of conviction, because this error occurred in the punishment phase, we
consider whether Tijerina might have received a lesser sentence if the improper comments had not
been made. Perez, 994 S.W.2d at 238. During the punishment phase, the jury heard evidence of
numerous other crimes committed by Tijerina and his various parole violations. The jury heard that
Tijerina usually threatened the lives of his victims and the lives of their families. Considering the
record as a whole and because the prosecutor repeatedly urged the jury to sentence Tijerina to life,
but the jury assessed only sixty years' confinement, we conclude that the prosecutor's improper
argument had no effect on the punishment assessed.

CONCLUSION

 We overrule Tijerina's issues on appeal, and affirm the trial court's judgment.


 Paul W. Green, Justice

DO NOT PUBLISH